UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CONROAD ASSOCIATES, L.P., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00750-JMS-MKK |
| | ) | |
| CASTLETON CORNER OWNERS ASSOCIATION, INC., AT CASTLETON IN OWNER, LLC, AT CASTLETON IN ASSOCIATION MANAGER, LLC, ARCITERRA COMPANIES, LLC, JONATHAN M. LARMORE, CRYSTAL SCUDDER, and JAMES C. SHOOK, JR., | ) ) ) ) ) ) | |
| *Defendants.* | ) ) | |
| CASTLETON CORNER OWNERS ASSOCIATION, INC., | ) ) | |
| *Counter Claimant,* | ) ) | |
| v. | ) ) | |
| CONROAD ASSOCIATES, L.P., | ) ) | |
| *Counter Defendant.* | ) | |

**ORDER**

Plaintiff Conroad Associates, L.P. ("Conroad") initiated this litigation against Defendants Castleton Corner Owners Association, Inc. (the "Association"), AT Castleton IN Owner, LLC, AT Castleton IN Association Manager, LLC, Arciterra Companies, LLC ("Arciterra"), Jonathan M. Larmore, Crystal Scudder, and James C. Shook, Jr. asserting claims for breach of the Association's governing documents, fraud, and breach of fiduciary duty, among other claims. [Filing No. 29.] Defendants filed their Answer and the Association asserted counterclaims for breach of contract, declaratory judgment, and malicious prosecution against Conroad. [Filing No. 53.] Conroad has

1

filed a Motion to Dismiss the Association's malicious prosecution counterclaim, [Filing No. 70], which is now ripe for the Court's review.

## I.
### MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint or counterclaim provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." See *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In reviewing the sufficiency of a counterclaim, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. See *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the counterclaim "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. (1955)). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. See *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following allegations are taken from the Association's Counterclaim (and, where necessary to provide relevant background information, the operative Second Amended

Complaint), which the Court must accept as true for purposes of deciding the Motion to Dismiss. This Background section should not be understood as a full account of all of the facts underlying this litigation. Instead, the Court focuses solely on facts relevant to the Motion to Dismiss.

### A. The Parties

Conroad owns property at a shopping center located at 5602 Castleton Corner Lane in Indianapolis, Indiana ("the Conroad Property"). [Filing No. 29 at 2.] The Association, a non-profit corporation, owns and manages property located at the Castleton Corner Shopping Plaza ("Castleton Corner"). [Filing No. 29 at 2.] Conroad is a 1.73% shareholder in the Association. [Filing No. 29-8 at 28.] The Association was formed to provide for the continuing maintenance and administration of various shopping centers and stand-alone buildings that make up Castleton Corner, including the Conroad Property. [Filing No. 53 at 73.] Mr. Larmore is the Association's President, Mr. Shook is the Association's Vice President, and Ms. Scudder is the Association's former Secretary. [Filing No. 29 at 5.] Defendant AT Castleton IN Owner, LLC is the current owner of Castleton Corner. [Filing No. 29 at 2-3.] Defendant AT Castleton IN Association Manager, LLC is the current property manager of Castleton Corner. [Filing No. 29 at 3.] Arciterra is the parent company or an affiliate of the Association, AT Castleton IN Owner, LLC, and AT Castleton IN Association Manager, LLC. [Filing No. 29 at 4-5.]

### B. The State Court Lawsuit

On December 22, 2016, Conroad filed a lawsuit in Marion Superior Court ("the State Court Lawsuit") against the Association and McKinley, Inc. ("McKinley"), the former owner of Castleton Corner. [Filing No. 29 at 4; Filing No. 29 at 14-15.] The lawsuit involved a dispute over a flood ("the Flood") at the Conroad Property caused by the failure of a sewer lift station ("the Lift Station"). [Filing No. 29 at 4.] Conroad's ownership of the Conroad Property entitled Conroad

3

to membership in the Association and subjected both Conroad and the Association to the by-laws of the Association. [Filing No. 53-1 at 3-4.] The by-laws, in part, obligated the Association to provide for the operation and maintenance of the Lift Station, and the Association contracted with McKinley to perform those services. [Filing No. 53-1 at 4.]

In the State Court Lawsuit, Conroad alleged that the Association and McKinley were liable for damages to the Conroad Property caused by the Flood and asserted claims for negligence, breach of contract, and breach of fiduciary duty. [Filing No. 53-1 at 6-7.] Following a bench trial, the Marion Superior Court entered judgment for Conroad on its breach of contract claim against the Association and awarded Conroad $213,288.70, but found that Conroad had not sustained its burden of proof on any other claims. [Filing No. 29-5 at 28.]

The Association appealed the trial court's judgment to the Indiana Court of Appeals, and Conroad cross-appealed. *Castleton Corner Owners Ass'n, Inc. v. Conroad Assocs., L.P.*, No. 19A-PL-02687. On October 30, 2020, the Indiana Court of Appeals affirmed the underlying judgment but reversed in part the Court's damages calculation and remanded with instructions to amend that calculation. *Castleton Corner Owners Ass'n, Inc. v. Conroad Assocs., L.P.*, 159 N.E.3d 604, 616 (Ind. Ct. App. 2020) ("*Conroad I*"). The Court of Appeals' decision was certified and became final on December 29, 2020. *Castleton Corner Owners Ass'n, Inc. v. Conroad Assocs., L.P.*, No. 19A-PL-02687.

While *Conroad I* was pending on appeal, proceedings supplemental continued in the trial court and the Association filed a notice of appeal of the trial court's proceedings supplemental order. *Castleton Corner Owners Association v. Conroad Associates, L.P.*, No. 20A-PL-01253 ("*Conroad II*"). The Association later moved for dismissal of *Conroad II*, which the Court of Appeals granted on May 19, 2021. *Id.* Prior to the dismissal of *Conroad II*, the trial court issued

additional proceedings supplemental orders in May 2021, which the Association also appealed. *Conrad Assocs., L.P. v. Castleton Corner Owners Ass'n, Inc.*, No. 21A-PL-1125 ("Conroad III").

On April 13, 2022, the Court of Appeals issued a decision in *Conroad III* affirming the trial court's May 2021 orders. *Conroad Assocs., L.P. v. Castleton Corner Owners Ass'n, Inc.*, 187 N.E.3d 885 (Ind. Ct. App. 2022). The Indiana Supreme Court granted transfer of *Conroad III* on September 1, 2022. *Conroad Associates, L.P. v. Castleton Corner Owners Association, Inc.*, 194 N.E.3d 594 (Ind. 2022).

### C.  This Lawsuit

Conroad initiated this litigation on April 13, 2022, [Filing No. 1], and filed the operative Second Amended Complaint on June 21, 2022, [Filing No. 29]. Defendants answered on November 4, 2022, [Filing No. 53], and simultaneously filed a Motion for Judgment on the Pleadings, [Filing No. 54]. Defendants' Answer to Second Amended Complaint also includes three counterclaims against Conroad: (1) breach of contract; (2) declaratory judgment; and (3) malicious prosecution. [Filing No. 53 at 81–84.]

On December 22, 2022, Conroad filed its Motion to Dismiss Defendants' malicious prosecution counterclaim.[1] [Filing No. 70.] On March 24, 2023, after briefing on the Motion to Dismiss closed, the Indiana Supreme Court issued its opinion in *Conroad III*, affirming in part and reversing in part the judgment of the Court of Appeals. *Conroad Associates, L.P. v. Castleton Corner Owners Association, Inc.*, 205 N.E.3d 1001 (Ind. 2023).

---

[1] Conroad does not move to dismiss Defendants' breach of contract or declaratory judgment counterclaims.

5

## III.
### Discussion

Conroad contends that Defendants' malicious prosecution counterclaim should be dismissed for failure to state a claim under Rule 12(b)(6) for three reasons: (1) under Indiana law, a malicious prosecution claim cannot be brought as a counterclaim in the suit that was allegedly maliciously prosecuted; (2) Defendants cannot point to any suit that has been terminated in their favor, as required for a malicious prosecution claim; and (3) Defendants fail to sufficiently allege facts to prove that Conroad brought this suit with "malice." [Filing No. 71 at 8-12.]

Defendants respond that Indiana law allows a malicious prosecution counterclaim to be brought in the same lawsuit that is allegedly being maliciously prosecuted. [Filing No. 80 at 8-9.] They point to instances where Indiana trial courts have conducted bifurcated proceedings, deciding the underlying plaintiff's claims first, entering judgment on those claims for the defendant, then proceeding to a determination on the counterclaim for malicious prosecution. [Filing No. 80 at 8.] They argue that, based on their Motion for Judgment on the Pleadings, [Filing No. 54], Conroad's claims fail under either *res judicata* or the *Colorado River* doctrine, and addressing Defendants' malicious prosecution counterclaim within this action would promote judicial efficiency. [Filing No. 80 at 9.] Defendants argue further that, while they did not completely prevail in the State Court Lawsuit, two of Conroad's three claims were resolved in their favor (breach of contract and negligence), and those are the claims that are relevant to a determination of whether a subsequent action asserting those claims is maliciously prosecuted. [Filing No. 80 at 9-10.]

In its reply, Conroad reiterates that even though Defendants assert that the current lawsuit is malicious, it is ongoing, unresolved, and cannot be the basis for a malicious prosecution claim. [Filing No. 81 at 2-4.] Conroad also emphasizes that it prevailed in the State Court Lawsuit. [Filing No. 81 at 4.] It contends that none of the cases cited by Defendants stand for the proposition

that a malicious prosecution counterclaim can be brought in the same case that is allegedly maliciously prosecuted, but rather those cases merely summarized what had happened in the trial court with no analysis of whether the procedure was proper. [Filing No. 81 at 2-3.] Finally, Conroad contends that Defendants cannot prove that this lawsuit was maliciously prosecuted by claiming prior lawsuits were resolved in their favor. [Filing No. 81 at 4-5.]

"To establish a case for malicious prosecution, the plaintiff must prove (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Hall v. Shaw*, 147 N.E.3d 394, 402 n.5 (Ind. Ct. App. 2020) (quotations and citations omitted). "[T]hat the primary action upon which malicious prosecution is based has terminated in defendant's favor before the commencement of an action for malicious prosecution" is required to maintain such an action. *First Fed. Sav. & Loan Ass'n of Gary v. Stone*, 467 N.E.2d 1226, 1235 (Ind. Ct. App. 1984) (quoting *Hunter v. Milhous*, 305 N.E.2d 448, 452-53 (Ind. Ct. App. 1973)). Therefore, "[a] counterclaim predicated upon malicious prosecution of the action in which such counterclaim was filed should be dismissed." *First Fed. Sav. & Loan*, 467 N.E.2d at 1235 (quoting *Hunter*, 305 N.E.2d at 452-53).

Defendants' malicious prosecution counterclaim is based only on this lawsuit. [*See* Filing No. 53 at 84 (counterclaim alleging that Conroad acted maliciously in "filing this lawsuit").] Because this lawsuit is ongoing, Defendants have not satisfied the final element of a malicious prosecution claim – that the action was terminated in their favor. This action has not been resolved one way or the other, so it cannot form the basis of Conroad's malicious prosecution claim. *See First Fed. Sav. & Loan*, 467 N.E.2d at 1235 ("A counterclaim predicated upon malicious prosecution of the action in which such counterclaim was filed should be dismissed.").

7

In an effort to satisfy the final element of their malicious prosecution claim, Defendants reference the State Court Lawsuit and argue that this case was filed "mere hours after" the *Conroad III* decision was issued.  [Filing No. 53 at 84.]  But Defendants do not base their counterclaim on prosecution of the State Court Lawsuit, they merely point to the State Court Lawsuit as evidence of why this lawsuit is malicious – *i.e.*, that the issues raised in the State Court Lawsuit are the same as those raised here.

Ultimately, Defendants' attempt to mix-and-match past and present actions to satisfy the elements of their malicious prosecution counterclaim is unavailing.  Defendants cannot show that the instant lawsuit was resolved in their favor because it is ongoing.  In short, Defendants have failed to state a counterclaim for malicious prosecution., and the Court **GRANTS** Plaintiff's Motion to Dismiss Defendants' Counterclaim for Malicious Prosecution.[2]  [Filing No. 70.]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Conroad's Motion to Dismiss Defendants' Counterclaim for Malicious Prosecution, [70], and **DISMISSES** the malicious prosecution counterclaim **WITH PREJUDICE** to assert it as a counterclaim in this lawsuit,[3] but **WITHOUT PREJUDICE** to assert that claim in another lawsuit.  No partial final judgment shall issue.

Date: 8/4/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[2] The Court need not address Conroad's additional argument that Defendants did not sufficiently plead the malice element of their malicious prosecution counterclaim.

[3] Dismissal of the counterclaim with prejudice to assert it in this lawsuit is appropriate because Defendants cannot cure the deficiency the Court has identified.  See *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend where…the amendment would be futile.").